9423

SIMPSON v. WESTERN UNION TELEGRAPH CO.

(89 S. E. 321.)

1. TELEGRAPHS AND TELEPHONES—REGULATION AND OPERATION—DELAY IN SENDING MESSAGE.—Where plaintiff by telephone requested the agent of defendant telegraph company while off duty to send a message, and the agent transcribed the message on a blank containing a stipulation for notice of default in transmission of message within 60 days, of which plaintiff did not know, but which plaintiff introduced in evidence as the basis of her action, she adopted the message written on the company's blank, and was bound by the stipulation.

2. TELEGRAPHS AND TELEPHONES— REGULATION— STIPULATION— STATUTE
OF LIMITATION.—A stipulation in a telegraph blank providing for
notice to the company within 60 days of failure to deliver a message
does not conflict with the statute of limitation, as it does not say
when suit shall be brought.

Before SEASE, J., Laurens, November, 1914. Affirmed.

Action by Annie A. Simpson against the Western Union
Telegraph Company. Judgment for defendant, and plain-
tiff appeals.

*Messrs. Richey & Richey* and *F. P. McGowan,* for appel-
lant, cite: 83 S. C. 44; 82 S. C. 247; 78 S. C. 424; 27 Stats.
131; 71 S. C. 511; 10 Rich. L. 382; 19 S. C. 366. *Stipula-
tion against liability for negligence invalid:* 75 S. C. 512.
*Evidence of negligence and wilfulness:* 83 S. C. 8; 84 S. C.
482; 88 S. C. 388. *Issue for jury:* 76 S. C. 275; 89 S. C.
567. *Notice of special damages:* 26 Stats. 84. *Agency of
messenger:* 82 S. C. 247.

*Messrs. John Gary Evans* and *Featherstone & Knight,* for
appellant, cite: *As to agency of person writing message:*
70 S. C. 16; 27 S. C. 63; 53 S. C. 448; 70 S. C. 539; 82 S.
C. 250; 37 S. C. 452; 37 Cyc. 1694; 159 Ala. 254; 149 Ala.
617; 53 Am. Rep. 754; 63 Tex. 668; 24 S. W. 86; 18 S. E.
1008; 72 N. Y. Suppl. 634; 48 So. 712; Jones Telegraph &
Telephone Companies, sec. 317; 5 Rich. 27. *Construction
of stipulation as presentation of claim:* 71 S. C. 506; 37
Cyc. 1689; 27 N. E. 313; 150 N. C. 431; 96 Tenn. 66; 65
N. W. 37. *Evidence as to damage:* 99 S. C. 132; 96 S. C.
423.

June 30, 1916.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is an action for damages for delay in delivering a
telegram. The plaintiff's husband became ill at Laurens,

and she sent a telegram to her father at Williamston, both in
this State.   About 6 o'clock on Saturday evening the
plaintiff called the telegraph office over the telephone.
She received no answer.   Plaintiff knew the opera-
tor, Miss Dean, and, thinking that the operator was at sup-
per, called her up at her boarding house, and asked Miss
Dean to get off a telegram to her father at Williamston.
Miss Dean told the plaintiff that it would be well to try the
phone, as it was doubtful about getting a telegram through
at that hour.   The plaintiff insisted on the telegram, and
asked Miss Dean to do her best to get it through for her.
Miss Dean then secured a pencil and paper and wrote the
message on the paper at her boarding house.   Miss Dean
then went to the office and transcribed the message on a tele-
gram blank.   On the back of the blank there is the usual
stipulation for notice of default in the transmission of the
message.   The message arrived at Williamston promptly,
but was not delivered until Monday morning.   The message
read: "R. L. Simpson is seriously ill."   Mr. Simpson died
before the message was delivered.   A motion for a direc-
tion of a verdict was made by the defendant on several
grounds, but sustained on only one, to wit, that notice of
claim for failure to deliver was not made within 60 days.
From this finding the plaintiff appealed.

The plaintiff claims that the message was written on the
blank without her authority, and as she knew nothing of the
stipulation she is not bound.   The only question that arises
is: For whom was Miss Dean agent when she wrote the
message on the blank, which contained the stipulation.   If
Miss Dean was the agent of the plaintiff in writing the mes-
sage on the telegraph blank, then as there is no question that
Miss Dean knew of the stipulation and the knowledge of the
agent is imputed to the principal, the plaintiff is bound by
the stipulation.   Miss Dean was not on duty when she
received the message at her boarding house.   She testified,
and it is not disputed, that she could not, under the rules of

the company, receive a message that was not on the company's blanks.

The plaintiff introduced in evidence the message written on the blank as the basis of her action.   If the plaintiff had relied upon the verbal message over the phone, a different question might have arisen.   She did not do that.   She adopted the message written by Miss Dean on the company's blank.   This is in no way in conflict with *Mims* v. *Telegraph Co.,* 82 S. C. 250, 64 S. E. 236.   In that case we find:

"The telegraph company may ordinarily require assent to this or any other reasonable regulation, by requiring the sender, when capable of doing so, to write the message on its blank, or by any other reasonable ·requirement."

Appellant claims that this 60-day stipulation is not reasonable or lawful, as it is in conflict with the statute of limi-. tation.   It has been decided, if a decision is necessary, that it in no way conflicts with the statute of limitation.   It merely says: Notify us while the facts are fresh in our minds, so that we may be able to secure reliable evidence. It does not say when suit shall be brought.

The judgment is affirmed.